IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL D. JONES, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-1905-N-BK |
| | § | |
| TATE REHMET LAW OFFICE, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

On September 23, 2022, the Court issued a deficiency order requiring Plaintiff to (1) move to proceed *in forma pauperis* on the AO-239 Form, (2) file an amended complaint that meets the requirements of Rule 8(a), and (3) register to use the Court's electronic filing system. Doc. 6. After extending the time to comply, Plaintiff moved for leave to amend and to proceed *in forma pauperis* but did not file an amended complaint or register for electronic filing. Doc. 9; Doc. 10. On October 19, 2022, the Court thus issued a second deficiency order. Doc. 11. When Plaintiff again failed to comply, the undersigned recommended that the action be dismissed without prejudice for failure to comply with a court order and for lack of prosecution. Doc. 12.

Plaintiff subsequently registered for electronic filing and once more sought to extend time to fully comply. Thus, the Court withdrew the recommendation and issued a third deficiency order requiring Plaintiff to file a civil cover sheet and an amended complaint. Doc. 14; Doc. 15.

1

In response, Plaintiff filed a motion to amend that failed to include his proposed amended complaint as required by this district's Local Civil Rule 15.1. Doc. 16. Therefore, on December 14, 2022, the Court denied the motion to amend without prejudice to it being refiled with the proposed amended complaint attached. Doc. 17. The deadline for Plaintiff's response was December 28, 2022. As of the date of this recommendation, however, Plaintiff has not responded to the Court's order, nor has he sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's order. He has impliedly refused or declined to do so. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on January 10, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).